UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DEBORAH OZIER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>ACCOUNT CONTROL SYSTEMS, INC.,<br><br>        Defendant. | Case No.: 14-cv-468<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Deborah Ozier is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Account Control Systems, Inc. ("ACS") is a debt collection agency with its principal place of business located at 148 Veterans Drive, Suite D, Northvale, New Jersey 07647.

6. ACS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ACS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ACS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

8. On or about May 10, 2013, ACS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "MONTGOMERY WARD". A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. The alleged debt identified in Exhibit A was incurred for personal, family or household purposes, specifically store credit with Montgomery Ward, an online retailer. http://www.wards.com/custserv/custserv.jsp?pageName=altCreditFull.

11. Exhibit A includes the following text:

> You have failed to respond to our requests that you pay your account. We are unwilling to wait any longer for you to honor your obligations. If we do not receive payment **IMMEDIATELY,** We have been authorized to pursue any and all remedies available to protect our clients' interest in this matter.
>
> **To Avoid Proceedings-Pay Your Account Now!!!**

12. The unsophisticated consumer would interpret ACS's statement in Exhibit A that, unless the consumer pays "IMMEDIATELY," ACS is "authorized to pursue any and all remedies available," together with the request to pay now to "avoid proceedings," to mean that ACS could sue the recipient to collect the alleged debt.

2

13. The primary definition of the word "proceeding" refers to legal action. *See*, http://www.merriam-webster.com/dictionary/proceeding ("1. legal action <a divorce *proceeding*>")

14. In fact, ACS is merely a debt collector, authorized only to use mail and telephone to collect debts.

15. ACS is not an attorney or law firm.

16. ACS is collecting on behalf of its client, Montgomery Ward. *See* <u>Exhibit A</u> (identifying "Montgomery Ward" as the "Creditor").

17. Upon information and belief, ACS has no ownership interest in Plaintiff's or any class member's alleged debt.

18. ACS has no standing to sue and no ability to represent the creditor in a lawsuit.

19. ACS's misrepresentation is material misrepresentation because it misleads the unsophisticated consumer about risk of legal action. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

20. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

21. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

22. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## **COUNT I – FDCPA**

23. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

3

24. Exhibit A falsely implies that ACS is authorized to bring a legal action against the consumer.

25. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 24, 2013, (e) that was not returned by the postal service.

27. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

28. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

29. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

32. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

    (a)    actual damages;

    (b)    statutory damages;

    (c)    attorneys' fees, litigation expenses and costs of suit; and

    (d)    such other or further relief as the Court deems proper.

Dated: April 24, 2014

                  **ADEMI & O'REILLY, LLP**

                  By:    /s/ John D. Blythin
                             Shpetim Ademi (SBN 1026973)
                             John D. Blythin (SBN 1046105)
                             3620 East Layton Avenue
                             Cudahy, WI 53110
                             (414) 482-8000
                             (414) 482-8001 (fax)
                             sademi@ademilaw.com
                             jblythin@ademilaw.com